# EXHIBIT A

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

| | |
|---|---|
| Michael M. Anderson,<br><br>　　　　Plaintiff,<br>v.<br><br>Graybar Electric Company, Inc.,<br><br>　　　　Defendant. | Case Type: Employment<br>Court File No.: _____<br><br><br>SUMMONS |

THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED and required to serve upon the attorneys for Plaintiff an Answer to the Complaint which is hereby served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Dated this 6th day of January, 2009

HALUNEN & ASSOCIATES

_____
Charles V. Firth, #257825
Clayton D. Halunen, #219721
80 South Eighth Street, Suite 1650
Minneapolis, MN 55402
Telephone: 612.605.4098
Facsimile: 612.605.4099

*Attorneys for Plaintiff*

| STATE OF MINNESOTA<br>COUNTY OF HENNEPIN | DISTRICT COURT<br>FOURTH JUDICIAL DISTRICT |
|---|---|
| Michael M. Anderson,<br><br>Plaintiff,<br><br>v.<br><br>Graybar Electric Company, Inc.,<br><br>Defendant. | Case Type: Employment<br>Court File No.: _____<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff Michael M. Anderson, by and through his attorneys, for his Complaint against Defendant, states and alleges as follows:

### PARTIES

1. Plaintiff Michael M. Anderson is a resident of the City of Minneapolis, State of Minnesota, Hennepin County, who at all times relevant hereto worked for Defendant Graybar Electric Company, Inc. ("Graybar") at its Minneapolis, Minnesota facility.

2. Defendant Graybar Electric Company, Inc. is a corporation licensed to do business in the State of Minnesota, and is a distributor of components, equipment and materials for a number of industries. At all times relevant hereto, Defendant Graybar maintained a facility located at 2300 East 25th Street, Minneapolis, Minnesota, Hennepin County.

### FACTS

3. Plaintiff commenced employment with Defendant as a Material Handler in or about January, 2001, and held that position until he was wrongfully terminated by Defendant on February 18, 2008.

4.  During his employment with Defendant, Plaintiff consistently received positive performance evaluations.

5.  During 2005 and 2006, Defendant supplied materials to contractors and/or subcontractors working on the expansion of the Minneapolis-St. Paul International Airport, which, upon information and belief, was funded in part by the U.S. federal agencies.

6.  During 2005 and 2006, Plaintiff observed that Defendant intentionally unpackaged product that bore labels indicating it was manufactured outside of the United States, and then re-packaged this same product in unmarked packaging or packaging that was labeled "Made in U.S.A." or similar labeling.

7.  In approximately July, 2006 Plaintiff contacted the U.S. Federal Bureau of Investigation ("FBI") by telephone and reported that Defendant was intentionally committing fraud against federal government contractors by deceptively re-packaging products not manufactured in the United States into packaging indicating the product was manufactured in the United States.

8.  Also in approximately July, 2006 Plaintiff reported in a written memorandum to Bill Keller, Jamie Phillips, Scott Shuneke, and Kyle Johnson, members of Graybar Management, that Defendant was committing fraud against the federal government in the manner described herein. This report stated as follows:

memo to graybar

Graybar Management;
It is my obligation as a Graybar Electric employee, under the [G]raybar code of business conduct and ethics, to report fraud if [I] am aware of it. It is my opinion that Graybar Electric has not followed federal laws and guidelines regarding the sale of imported goods. For example, Graybar Electric's practice of removing label's of the country of origin from products that are clearly made outside the

. 2

United States of America and then reboxing or repacking in box's that in some case's say made in U.S.A. Removing new products made outside the United States from their box's, removing the lable of the country of origin and then packing the products in plastic bags is in my opinion illegal. Graybar Electric has full knowledge that the end user is the United States Government. [F]or example; the United States Air Force Base located at 34th [A]ve and hwy 62 in Minneapolis, including the USAF special forces located at 34th [A]ve and hwy 62 in Minneapolis, including the 934th air command located at 34th [A]ve and hwy 62 in Minneapolis, including the Metropolitan Airports Commission fire station located at 6930 34th [A]ve so, Minneapolis. The requirements of 19 u.s.c 1304 and 19 cfr part 134 provide that any imported articles or their container must be marked in a conspicuous place as legibly, indelibly and permanently as the nature of the articles or container will permit, in such a manner as to indicate to an ultimate purchaser in the United States the English name of the country of origin of the article.
Michael M Anderson

9. Later, after Plaintiff had reported the government fraud to both the FBI and to Defendant, Plaintiff again reported the fraud perpetrated by Defendant, as described herein, to the U.S. Department of Defense, Office of the Inspector General, Defense Criminal Investigative Service.

10. Defendant retaliated against Plaintiff because of his reports of its fraud against U.S. agencies, including, but not limited to, his termination on February 18, 2008.

11. Throughout his employment, Plaintiff had also made numerous complaints to Defendant that it was violating state and federal safety laws and/or regulations, including, but not limited to, the following:

   (a) Racking in the warehouse was badly damaged and/or unsecured, which made it susceptible to collapse;

   (b) Dangerous overloading of forklifts with materials exceeding the weight limit of the forklifts; and

3

(c) Graybar's practice of requiring used lamps/lightbulbs to be broken to fit into cardboard barrels, which practice emitted hazardous particulates and/or fumes.

12. On Friday, February 15, 2008 Plaintiff submitted to Defendant his "Performance Evaluation and Development Plan" in connection with his performance evaluation. Plaintiff attached to his February 15, 2008 "Performance Evaluation and Development Plan" a document entitled "Difficulties I have encountered in the performance of my assigned duties," which stated in full:

> #1. Graybar managment continues to ignore serious safety issues in my assigned work area.
> #2. Graybar managment refuses to follow some manufactures safety warning's concerning the use, installation and repair of some warehouse equipment in my assigned work area.
> #3. Graybar management refuses to follow some OSHA guidelines.
> #4. Graybar managment does not follow the Graybar G.I. (General Instructions).
> #5. The duties assigned me by Graybar managment put's me in a position to be injured because of Graybar managment's refusel to follow some OSHA guidlines, manufactures safety warnings and or its own G.I. It also puts me in the unfortunate position that I might cause serious injury to another warehouse worker for the same reason.
> #6. Graybar managment has ignored the Graybar Minneapolis Safety Council's recommendation's on some serious safety issues.
> #7. I have discussed these issues with five current members of managment with only negative results.
> #8. I believe beyond a shadow of doubt that Graybar not providing me with a safe working enviroment is a direct result of my speaking out about Graybar's fraudulent business dealing's.
>
> Michael M Anderson.
> 02/15/2008

13. On Monday, February 18, 2008, Defendant ordered Plaintiff to go to the office of Rick Schroeder, Graybar's Branch Manager. Soon after Plaintiff arrived

4

in Mr. Schroeder's office, Lisa Matuska, Graybar's Customer Service Manager, joined Mr. Schroeder and Plaintiff.

14. Mr. Schroeder and Ms. Matuska interrogated Plaintiff about the eight numbered comments he had made in the attachment to his "Performance Evaluation and Development Plan."

15. In this February 18, 2008 meeting, Mr. Schroeder also specifically asked Plaintiff what his intentions were, and Plaintiff responded that he intended on filing a complaint with Graybar's corporate headquarters in St. Louis, Missouri and the Minnesota Department of Labor concerning Defendant's safety violations. Mr. Schroeder then terminated Plaintiff's employment by stating, "[I]n that case, you're fired."

16. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered, and will continue to suffer, severe emotional distress, embarrassment, humiliation and loss of self esteem. Plaintiff was prevented, and will continue to be prevented, from performing his normal daily activities and obtaining the full enjoyment of life, has sustained loss of earnings and earning capacity, has incurred and/or will incur expenses for medical and psychological treatment, therapy and counseling, and has incurred and will continue to incur other related damages. Plaintiff has also incurred attorney's fees and expenses and other serious damages.

## CAUSES OF ACTION

### COUNT ONE
### FOR VIOLATION OF FALSE CLAIMS ACT, 31 U.S.C. § 3730(h)

Plaintiff realleges each and every paragraph of this Complaint.

17. Plaintiff was unlawfully threatened and discharged by Defendant, his employer, because of lawful acts done by Plaintiff on behalf of the general public, himself, and/or his fellow co-workers. Defendant violated 31 U.S.C. § 3730(h) when it retaliated against Plaintiff for exercising his rights under the False Claims Act

17. Plaintiff was unlawfully threatened and discharged by Defendant, his employer, because of lawful acts done by Plaintiff on behalf of the general public, himself, and/or his fellow co-workers. Defendant violated 31 U.S.C. § 3730(h) when it retaliated against Plaintiff for exercising his rights under the False Claims Act.

18. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered, and will continue to suffer, severe emotional distress, embarrassment, humiliation and loss of self esteem. Plaintiff was prevented, and will continue to be prevented, from performing his normal daily activities and obtaining the full enjoyment of life, has sustained loss of earnings and earning capacity, has incurred and/or will incur expenses for medical and psychological treatment, therapy and counseling, and has incurred and will continue to incur other related damages. Plaintiff has also incurred attorney's fees and expenses and other serious damages.

### COUNT TWO
### FOR VIOLATION OF MINNESOTA WHISTLEBLOWERS ACT

Plaintiff realleges each and every paragraph of this Complaint.

19. Plaintiff was unlawfully disciplined, threatened and discharged because, acting in good faith, he reported a violation or suspected violation of federal law to his employer and/or refused his employer's order to perform an action that Plaintiff had an objective basis in fact to believe violated federal and/or state law, and/or rules or regulations adopted pursuant to law, and informed his employer that the order was being refused for that reason.

20. Defendant's unlawful discipline, threats, and termination was a violation of Minn. Stat. § 181.932, *et seq.*, and was taken knowingly, maliciously, and with reckless disregard of Plaintiff's rights.

6

21.   As a direct and proximate result of Defendant's conduct, Plaintiff has suffered, and will continue to suffer, severe emotional distress, embarrassment, humiliation and loss of self esteem. Plaintiff was prevented, and will continue to be prevented, from performing his normal daily activities and obtaining the full enjoyment of life, has sustained loss of earnings and earning capacity, has incurred and/or will incur expenses for medical and psychological treatment, therapy and counseling, and has incurred and will continue to incur other related damages. Plaintiff has also incurred attorney's fees and expenses and other serious damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays:

a.   That the practices of Defendant complained of herein be adjudged, decreed, and declared to be a violation of the rights secured to Plaintiff by the False Claims Act and the Minnesota Whistleblowers Act.

b.   That Defendant be required to make Plaintiff whole for its adverse and/or retaliatory conduct through restitution in the form of back pay, with interest of an appropriate inflation factor.

c.   That Plaintiff be awarded front pay and monetary value of any employment benefits to which he would have been entitled as an employee for Defendant.

d.   That a permanent prohibitory injunction be issued prohibiting Defendant from engaging in the practices complained of herein.

e.   That Plaintiff be awarded compensatory damages in an amount to be established at trial.

  f. That Plaintiff be awarded all damages available under 31 U.S.C. § 3730(h), including, but not limited to, reinstatement, two times the amount of back pay, interest thereon and other damages sustained as a result of this discrimination necessary to make Plaintiff whole.

  g. That Plaintiff be awarded all damages available under Minn. Stat. § 181.932, et. seq.

  h. That Plaintiff be reinstated to his job or, in the alternative, be awarded front pay and monetary value of any employment benefits to which he would have been entitled as an employee for Defendant.

  i. That Plaintiff be awarded damages for mental and emotional anguish and suffering, humiliation, embarrassment, and loss of enjoyment of life in an amount in excess of $50,000.00 as established at trial.

  j. That Plaintiff be awarded punitive damages as provided by statute in an amount to be established at trial.

  k. That the Court award Plaintiff his attorney's fees, costs and disbursements pursuant to applicable law.

  l. That the Court grant such other and further relief as it deems fair and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS WHERE JURY IS AVAILABLE.**

8

Dated this 6th day of January, 2009          HALUNEN & ASSOCIATES

                                             _____
                                             Charles V. Firth, Atty. No.: 0257825
                                             Clayton D. Halunen, Atty. No.: 219721
                                             1650 IDS Center
                                             80 South Eighth Street
                                             Minneapolis, MN 55402
                                             Telephone: 612-605-4098
                                             Facsimile: 612-605-4099

                                             **ATTORNEYS FOR PLAINTIFF**

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney's fees may be awarded pursuant to Minn. Stat. § 549.211 to the party against whom the allegations in this pleading are asserted.

Dated this 6th day of January, 2009.

                                             _____
                                             Charles V. Firth, Atty. No. 0257825

9

STATE OF MINNESOTA | DISTRICT COURT

COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT

| | |
|---|---|
| Michael M. Anderson,<br><br>Plaintiff,<br><br>v.<br><br>Graybar Electric Company, Inc.,<br><br>Defendant. | Case Type: Employment<br>Court File No.: _____<br><br>**CERTIFICATE OF SERVICE<br>VIA FACSIMILE AND U.S. MAIL** |

STATE OF MINNESOTA  )
                    ) ss
COUNTY OF HENNEPIN  )

Aimee Gunaseelan, being first duly sworn, upon her oath deposes and says that on the 6th day of January, 2009, she served via *facsimile and U.S. Mail* a copy of the Summons and Complaint with Jury Demand in the above-referenced matter. These documents were addressed to:

Mr. Edward L. Dowd, Jr.
DOWD BENNETT, LLP
7733 Forsyth Boulevard, Suite 1410
St. Louis, MO 63105
(314)863.2111

_____
Aimee Gunaseelan

Subscribed and sworn to before me
this 6th day of January, 2009

_____
Notary Public

HEATHER LYN VOCKS
Notary Public-State of Minnesota
My Commission Expires
January 31, 2010

# EXHIBIT B

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT<br>Case Type: Employment |

Michael M. Anderson,

           Plaintiff,

v.

Graybar Electric Company, Inc.,

           Defendant.

Case No. 27-CV-09-1003

**STIPULATION OF AMOUNT IN CONTROVERSY**

Plaintiff Michael M. Anderson, by and through his counsel, hereby stipulate and agree that the value to Plaintiff of the relief requested in the above entitled action does not exceed the sum or value of $75,000, exclusive of interest and costs.

Dated: January __, 2009        HALUNEN & ASSOCIATES

                                               _____
                                               Charles V. Firth, #257825
                                               Clayton D. Halunen, #219721
                                               80 South Eighth Street, Suite 1650
                                               Minneapolis, MN 55402
                                               (612) 605-4098

                                               Attorneys for Plaintiff Michael M. Anderson