UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael M. Anderson,<br><br>                     Plaintiff,<br>v.<br><br>Graybar Electric Company, Inc.,<br><br>                     Defendant. | Court File No. 09-CV-00251 (MJD/FLN)<br><br>MEMORANDUM IN SUPPORT OF MOTION TO AMEND SCHEDULING ORDER |

## INTRODUCTION

The parties have actively participated in discovery for the past seven months. Plaintiff recently learned during the course of depositions that Defendant failed to produce relevant documents and identify persons with knowledge of the facts directly relating to allegations in this lawsuit. Plaintiff believes the information contained in the documents, and which may be known by witnesses, is material to the claims in this case. Accordingly, Plaintiff respectfully requests that the Court amend the scheduling order and extend the discovery deadline by 60 days from the date of the Court ruling on this Motion so that Plaintiff may discover and assess the newly identified information.

## FACTUAL BACKGROUND

This Court issued a Scheduling Order for this case on March 26, 2009. (Dkt. 6) Prior to the scheduling order being issued, Defendant served its initial Rule 26(a)(1) disclosures on March 12, 2009; and plaintiff initiated written

discovery on March 13, 2009. Parties have continued to participate in written discovery, and repeatedly conferred to resolve discovery disputes throughout the discovery process. Fact depositions began on September 4, 2009 and continued through September 29, 2009. As of filing this memorandum, Plaintiff has taken four fact depositions, and defendant has taken three fact depositions.

In its initial Rule 26(A)(1) disclosures, Defendant disclosed only six individuals likely to have information: Michael Anderson, Rock Schroeder, Jamie Phillips, Lisa Matuska, Kevin Joos, and Gary LeTendre. (Halunen Decl. Exhibit 1 at page 2) Plaintiff's Interrogatory No. 2 served on Defendant on March 13, 2009 asks, "Identify all persons who you believe have any information or knowledge, or claim to have the same, with respect to any facts or matter relating to the allegations made in Plaintiff's Complaint or in Defendant's Answer." (Halunen Decl. Exhibit 2 at page 5) In response, Defendant identified seven individuals: Michael Aderson, Rick Schroeder, Jamie Phillips, Lisa Matuska, Kevin Joos, Gary LeTendre, and Cindy Paschke. (Halunen Decl. Exhibit 3 at pages 5-6)

During Plaintiff's depositions of some of Defendants managers, Plaintiff learned about documents that Defendant failed to produce in the course of discovery, and Defendant's managers identified additional witnesses who are likely to have information regarding this case. Defendant's managers identified the following documents that were not produced:

1. E-mail messages regarding any police investigation relating to Graybar's report of an alleged threat;

2

2. A memorandum authored by Lisa Matuska regarding the meeting during which Plaintiff's employment was terminated;

3. Invoices for rental of any forklifts, as described by Ms. Matuska;

4. E-mail messages from Beverly Probst to Lisa Matuska that contained a draft of the February 21, 2008 letter;

5. E-mail messages from Renae Boik that pertain to Mr. Anderson's separation of employment;

6. Graybar's Code of Business Conduct and Ethics Management Investigation Procedure;

7. A Minneapolis police department record that was given to Lisa Matuska by a police sergeant regarding a police report she filed claiming Plaintiff made threats against Defendant's employees; and

8. The employee performance review written by Gary LeTendre that was written days before Mr. Anderson was fired.

In addition to learning about new relevant documents, during depositions Defendant revealed the identities of additional individuals with knowledge about the case that it failed to identify in its initial disclosures or in response to Plaintiff's Interrogatory No. 2. Specifically, Defendant failed to identify Elmar Mazurs, Renae Boik, and Beverly Probst. Elmar Mazurs is a person that Graybar managers Lisa Matuska and Kevin Joos stated has personal knowledge of facts Anderson alleges in this case. (Matuska Dep. at 98 attached hereto as Halunen Decl. Exhibit 4, Joos Dep. at 39 attached hereto as Halunen Decl. Exhibit 5.)  Ms.

Matuska identified Renae Boik and Beverly Probst as individuals who directly participated in the termination of Plaintiff's employment. (Matuska Dep. at 15.) In addition, Lisa Matuska and Gary LeTendre both stated that Jamie Phillips has personal knowledge of reports of OSHA violations that Plaintiff made (Matuska Dep. at 39, LeTendre Dep. at 33 attached hereto as Halunen Decl. Exhibit 6); however, Defendant failed to attribute specific knowledge to her in response to Plaintiff's Interrogatory No. 2. Finally, Lisa Matuska identified Cindy Paschke as an individual who coordinated Defendant's activities surrounding Plaintiff's separation from employment. (Matuska Dep. at 15). Defendant failed to attribute any knowledge to Ms. Paschke regarding Plaintiff's separation from Defendant.

In response to the undisclosed individuals, knowledge, and documents, Plaintiff sought to depose the newly-identified witnesses within the discovery period. Plaintiff first stated his intention of taking additional depositions to Defendant during the deposition of Gary LeTendre. (LeTendre Dep. at 91) Defendant immediately refused to make the witnesses available, and Plaintiff offered to take the depositions by telephone. (*Id.*) Defendant again refused to produce the witnesses. (*Id.*) After completing the four depositions, Plaintiff noticed the depositions of Cindy Paschke, Renae Boik, Beverly Probst, Jamie Phillips, Elmar Mazurs and a Rule 30(b)(6) deposition to identify the creator of handwritten notes produced by Defendant, which it did not identify, and for which Defendant subsequently objected to Plaintiff's lack foundation. (Halunen Decl. Exhibits 7-12, LeTendre Dep. at 91) Notice was served on September 25, 2009 to

depose Mses. Paschke, Boik, Probst and Phillips. Notice was served on September 28, 2009 to depose Mr. Mazurs. All depositions were scheduled to be taken and completed on September 30, 2009. Defendant refused to produce every witness to whom Plaintiff noticed a deposition. (Halunen Decl. Exhibits 13-15) The deadline to complete discovery has now passed, and Plaintiffs move this Court to amend the scheduling order to extend the discovery deadline.

## PROPOSED AMENDMENTS

Plaintiffs, in this Motion, request that the Court, pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, amend the current Scheduling Order to extend the discovery deadline by 60 days so that Plaintiff may adequately complete discovery in light of the newly-identified information.

## LOCAL RULE 16.3(b) STATEMENT CONCERNING DISCOVERY

The parties have exchanged interrogatories and requests for production of documents. Plaintiff has taken the deposition of four Graybar managers. Defendant has taken the depositions of Plaintiff and two witnesses. The parties have attempted to resolve disputes they have concerning the sufficiency of their respective written discovery responses and document production. Plaintiff intends to take depositions of a number of individuals who were just recently identified by Defendant to have knowledge relating to this lawsuit. The following discovery remains to be completed: the depositions of Cindy Paschke, Jamie Phillips, Renae Boik, Beverly Probst, Elmar Mazurs, and at least one Rule 30(b)(6) deposition to identify the creator or creators of handwritten notes produced by Defendant, which

5

it did not identify, and for which Defendant subsequently objected to Plaintiff's lack foundation. (Exhibits 8- 13.) Additionally, Plaintiff has identified documents that were described during depositions, but not produced by Defendant. Discovery has not been completed because Defendant failed to identify certain documents and witnesses with information regarding the claims and defenses in this lawsuit, and has refused to make the witnesses available for deposition. Plaintiff noticed the depositions of the newly-identified witnesses as soon as practicable, but Defendant refused to produce the witnesses claiming that the timeframe was unreasonable, and Defendant refused to negotiate a compromise. Plaintiff expects to be able to complete discovery within the time limits established in the Proposed Amended Pretrial Scheduling Order (attached hereto).

## ARGUMENT

Rule 16(b)(4) of the Federal Rules of Civil Procedure and Local Rule 16.3(a) provide that this Court may amend the Scheduling Order in this case for "good cause" shown. Because the focus of such a motion is whether the moving party has established the requisite "good cause," the existence or absence of prejudice to the non-moving party is not a relevant inquiry. *Luigino's Inc. v. Pezrow Companies*, 178 F.R.D. 523, 525 (D. Minn. 1998).

Here, good cause exists for amendment of the Scheduling Order for the limited purpose of extending the discovery deadline because Defendant failed to identify relevant and responsive documents and witnesses until just days before the discovery deadline.

### A. Defendant Failed to Identify the Information it Withheld

Defendant had multiple opportunities to identify relevant documents and individuals with knowledge about the case. Despite the opportunity to disclose relevant and responsive information, Defendant failed to identify at least three individuals and failed to fully describe the relevant knowledge that two other individuals possess. Defendant also failed to identify or produce several relevant documents to which it claims no privilege.

Defendant failed to identify Elmar Mazurs, a person who Defendant's management identified as the only individual with knowledge regarding an incident in which Defendant retaliated against Plaintiff for reporting violations of law by making a false police report. Defendant alleges that Plaintiff made a threat of violence as he was leaving Defendant's facility following his termination. . (Halunen Decl. Exhibit 16 at page 11.) Plaintiff denies that the alleged event occurred, and believes that Defendant's triggering of a police investigation was in retaliation for reporting violations of Minnesota and Federal statues to management. Lisa Matuska, one of the managers Plaintiff reported as acting in violation of the law and who was present at Plaintiff's termination, reported to the police that Mr. Anderson made threatening comments. (Matuska Dep. at 95.) Ms. Matuska claims that she heard about the alleged threat from Defendant's managers Kevin Joos or Gary LeTendre. (*Id.*) Messrs. Joos and LeTendre both deny hearing the alleged threat. (Joos Dep. at 28; LeTendre Dep. at 183.) In her deposition, just days before discovery ended, Ms. Matuska identified Elmar Mazurs as an

individual who has knowledge of the alleged threat. (Matuska Dep. at 98.) On direct examination, counsel for Defendant lead Mr. Joos to identify Elmar Mazurs as an individual who heard a comment about a school shooting, a reference allegedly made by Plaintiff. Two managers for Defendant identified Elmar Mazurs as an individual with knowledge of a claim or defense in this litigation; however, Defendant failed to identify him as such. Plaintiff noticed the Deposition of Elmar Mazurs, but Defendant refused to make him available. Defendant's managers testified that Mr. Mazurs has knowledge directly relating to both claims and defenses in this litigation, namely, whether Defendant acted in a retaliatory manner by making false statements to the Minneapolis Police Department and thereby triggering a police investigation. Plaintiff seeks an extended discovery period so that he may depose Mr. Mazurs and discover his knowledge regarding this lawsuit.

Defendant also failed to identify Beverly Probst and Renae Boik as individuals with knowledge regarding this lawsuit. Plaintiff alleges that Defendant fraudulently concealed the true nature of his separation from employment, in part, by sending two letters to him after his termination. (Anderson Dep. at 170-171, 178.) Graybar manager Lisa Matuska identified Mses. Probst and Boik as individuals who participated in documenting Plaintiff's separation from employment. (Matuska Dep. at 15.) The letters were signed by Lisa Matuska, and Plaintiff had no way to know that they were authored by another person until Ms. Matuska testified that her function was to copy and paste the contents onto her

letterhead. (Matuska Dep. at 108.) Plaintiff noticed the depositions of Beverly Probst and Renae Boik; however, Defendant refused to make either one available. Plaintiff should be entitled to depose these witnesses because they have first-hand knowledge of the claims in this lawsuit; namely, whether Plaintiff was fired by Defendant, and the alleged cover-up following Plaintiff's termination.

In addition to failing to disclose the identity of relevant witnesses, Defendant failed to fully state the knowledge that certain individuals possess. For example, Defendant stated that Cindy Paschke only had knowledge relating to Plaintiff's 2008 employee performance evaluation. (Halunen Decl. Exhibit 16 at page 6.) Ms. Matuska later testified that Cindy Paschke coordinated the documentation following Plaintiff's separation, that Ms. Paschke has knowledge of safety issues at Defendant's Minneapolis warehouse, and that Ms. Paschke processes OSHA-related paperwork. (Matuska Dep. at 30, 108-109.) Similarly, Defendant failed to disclose that Jamie Phillips was the manager responsible for safety at Plaintiff's workplace, and that Ms. Phillips initiated an investigation into certain reports of OSHA violations made by Plaintiff. (Matuska Dep. at 35, 60.) Plaintiff noticed the depositions of Cindy Pashcke and Jamie Phillips; however, Defendant refused to make them available. Plaintiff should be entitled to additional time to complete discovery so that he may determine the full extent of their knowledge because Defendant minimized the knowledge that Mses. Paschke and Phillips possess.

In addition to failing to identify relevant witnesses, Defendant withheld relevant documents with no claim of privilege. Some of the documents are highly relevant, such as a memorandum authored by Ms. Matuska regarding the meeting during which Plaintiff's employment was terminated, and Plaintiff's performance evaluation, the supplement to which was a report of violations of federal and state law. (Matuska Dep. at 92, LeTendre Dep. at 155.) As of filing this Memorandum, Defendant has not produced many the outstanding documents. In addition, the documents that were produced were sent only days before the discovery deadline. An extended discovery period will enable Plaintiff to review the late-produced documents, and determine whether additional discovery is necessary.

### B. Plaintiff Acted Promptly to Seek Complete Discovery

Upon discovering the deficiencies in Defendant's discovery production, Plaintiff acted promptly to seek complete discovery of the facts. After Defendant objected to a witness testifying based upon documents produced by Defendant in the course of discovery, Plaintiff notified Defendant during the deposition that he would seek take Rule 30(b)(6) depositions to acquire foundation regarding the document. (LeTendre Dep. at 91.) After Plaintiff learned that Defendant concealed the knowledge of some individuals, he promptly noticed the depositions mentioned above.

### C. A Short Extension of Discovery Will Not Prejudice Defendant

Plaintiff only seeks amendment of the Scheduling Order for a limited purpose, namely to permit Plaintiff to complete discovery in light of newly

identified documents and witnesses. Even though the Plaintiff is not required to show the absence of prejudice to Defendant, the defendant here will in no way be prejudiced by amendment of the scheduling order for this purpose. The Defendant is already on notice that the Plaintiff intends to depose certain employees recently identified, and all document requests have already been served. The Defendant will be unable to show how a short increase in the discovery period will cause it any prejudice. Importantly, the Defendant is the party responsible for the need for this motion.

In sum, Plaintiffs have demonstrated the requisite "good cause" justifying the limited amendment of the Scheduling Order in this case.

## **CONCLUSION**

The importance of allowing parties to fully litigate their case and the corresponding lack of prejudice to Defendant supports Plaintiffs' request to this Court for an Order amending the scheduling order to extend the discovery deadline. Fairness dictates that Plaintiff is entitled to full discovery of relevant witnesses and documents that Defendant has failed to produce or identify. Plaintiffs' proposed amendment to the Scheduling Order establishes a fair deadline for the parties to complete discovery.  Plaintiff thus respectfully requests that the Court grant his Motion to Amend Scheduling Order to extend the discovery deadline by 60 days.

| | |
|---|---|
| Dated this 14th day of October, 2009 | HALUNEN & ASSOCIATES |
| | /s Clayton D. Halunen            .<br>Clayton D. Halunen (219721)<br>(halunen@halunenlaw.com)<br>1650 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN 55402<br>Telephone: (612) 605-4098<br>Fax: (612) 605-4099 |
| | *Attorneys for Plaintiff* |